UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**NESTOR ERNESTO QUEVEO GOMEZ**                 **MOVANT/DEFENDANT**

**v.**                               **CRIMINAL ACTION NO. 3:19CR-147-CRS-2**

**UNITED STATES OF AMERICA**                    **RESPONDENT/PLAINTIFF**

### MEMORANDUM OPINION

Movant/Defendant Nestor Ernesto Quevedo Gomez filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (DN 118). The Court undertook preliminary review of the motion pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. The Court directed Gomez to show cause why the motion should not be denied as untimely. Gomez did not respond to the Show Cause Order. Upon review, the Court will dismiss the motion as untimely.

**I.**

After entering a guilty plea, Gomez was convicted on May 31, 2022, of conspiracy to possess with intent to distribute methamphetamine and possession with intent to distribute methamphetamine. Gomez did not file a direct appeal of his conviction. He filed the instant § 2255 motion on November 8, 2024.[1]

**II.**

Section 2255 provides for a one-year limitations period, which shall run from the latest of:

    (1) the date on which the judgment of conviction becomes final;

---

[1] *See Miller v. Collins*, 305 F.3d 491, 497-98 (6th Cir. 2002) (under the mailbox rule, the motion is deemed filed when presented to prison officials for mailing) (citing *Houston v. Lack*, 487 U.S. 266 (1988)).

>(2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>(3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* § 2255(f).

When a § 2255 movant does not pursue a direct appeal to the court of appeals, his conviction becomes final on the date on which the time for filing such appeal expires. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004). Judgment was entered in this case on May 31, 2022. The judgment became final on June 14, 2022, upon the expiration of the 14-day period for filing a notice of appeal. *See* Fed. R. App. P. 4(b)(1)(A). Gomez had one year, or until June 14, 2023, in which to timely file a motion under § 2255. Accordingly, Gomez's motion was filed more than one year and four months after the statute of limitations expired. Under § 2255(f), therefore, Gomez's motion appears to be time-barred and subject to summary dismissal.

However, because § 2255's one-year statute of limitations is not jurisdictional, it is subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). Gomez did not allege facts in his motion which warrant the application of equitable tolling. "'Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of*

*Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000)). A movant "is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Graham-Humphreys*, 209 F.3d at 561. "The [movant] bears the burden of demonstrating that he is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494-95 (6th Cir. 2003) (citing *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)).

Before dismissing the motion as time-barred, the Court provided Gomez with an opportunity to show cause why he is entitled to equitable tolling. *See Day v. McDonough*, 547 U.S. 198, 210 (2006). However, Gomez failed to respond to the Court's Show Cause Order or to otherwise meet his burden in establishing that he satisfies the elements required for equitable tolling. Therefore, the Court finds that equitable tolling is not appropriate in this case.

For these reasons, the Court concludes that this motion is untimely. By separate Order, the Court will deny the motion and dismiss this action.

### III. CERTIFICATE OF APPEALABILITY

In the event that Gomez appeals this Court's decision, he is required to obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). A district court must issue or deny a certificate of appealability and can do so even though the movant has yet to make a request for such a certificate. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002).

When a district court denies a motion on procedural grounds without addressing the merits of the motion, a certificate of appealability should issue if the movant shows "that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a

constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the movant should be allowed to proceed further. *Id*. at 484. In such a case, no appeal is warranted. *Id*. This Court is satisfied that no jurists of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

Date:   March 24, 2025

Charles R. Simpson III, Senior Judge
United States District Court

cc:   Movant/Defendant, *pro se*
      United States Attorney
4411.010

4